**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
|     MURAT ASLANSAN, | : | |
| | : | |
|         Debtor. | : | Bky. No. 12-12910 ELF |
| | : | |
| COMMERCIAL PROPERTIES, LLC, | : | |
| | : | |
|         Plaintiff, | : | |
| | : | |
|        v. | : | |
| | : | Adv. No. 13-0028 |
| MURAT K. ASLANSAN, | : | |
| | : | |
|         Defendant. | : | |

# M E M O R A N D U M

## I. INTRODUCTION

Murat K. Aslansan, the defendant herein (hereafter "the Debtor"), filed this chapter 13 bankruptcy case on March 27, 2012. Plaintiff Commercial Properties, LLC ("the Plaintiff") filed a complaint ("the Complaint"), commencing the above adversary proceeding on January 17, 2013. In the Complaint, the Plaintiff seeks the entry of a money judgment in its favor with respect to four (4) state law claims: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) conversion and (4) fraud (collectively, "the State Law Claims"). In the Fifth Count of the Complaint, the Plaintiff requests a determination that its claim against the Debtor is nondischargeable pursuant to 11 U.S.C. §523(a)(3).

Before me is the Debtor's Motion to Dismiss the Complaint ("the Motion"), which was

filed on February 17, 2013. The Debtor asserts that the bankruptcy court lacks subject matter jurisdiction and that the Complaint fails to state a claim upon which relief may be granted. The Plaintiff responded to the Motion on March 4, 2013.

For the reasons set forth below, the Motion will be granted with respect to the State Law Claims and denied with respect to the §523(a)(3) claim.

## II.  THE FACTUAL ALLEGATIONS IN THE COMPLAINT

In the Complaint, the Plaintiff alleges the following:

The Debtor is an individual and resident of Philadelphia, Pennsylvania. The Plaintiff is a Massachusetts limited liability company. (Compl. ¶¶ 2-3).

On July 26, 2005, the Debtor entered into a loan transaction ("the Mortgage Loan") with the Plaintiff as evidenced by a note and mortgage encumbering the property located at One Brock's Court, Nantucket, Massachusetts ("the Property"). (Id. ¶¶ 7-8). Pursuant to the terms of the Mortgage Loan, the Plaintiff advanced $200,000.00 to the Debtor, repayable at an interest rate of 22%. (Id. ¶9-10). In accordance with Massachusetts law, the Plaintiff notified the Usury Division of the Office of Attorney General of the Commonwealth of Massachusetts of its intent to enter into the loan transaction with a 22% interest rate, see 49 M.G.L.A. c.271, §49(d). (Comp. ¶11).

On March 3, 2006, following a restructuring of the Mortgage Loan, the Plaintiff filed a discharge and release of the original July 2005 mortgage and a new, "updated" mortgage on the Property ("the Updated Mortgage") with the county registry of deeds. (Id. ¶¶ 12-16). By September 2007, the Debtor defaulted on his obligations under the Mortgage Loan. (Id. ¶17).

In January 2008, the Debtor caused a forged discharge and release of the Updated Mortgage ("the Forged Discharge of Mortgage") to be recorded. (Id. ¶¶ 21-27). The Forged Discharge of Mortgage falsely states that the Plaintiff was paid in full on the debt secured by the Updated Mortgage. (Id. ¶23). The Debtor also entered into a loan transaction with Indymac Mortgage Services that resulted in the recordation of a mortgage on the Property in favor of Indymac securing a debt in the amount of $1,690,000.00. (Id. ¶¶ 22, 27). Resultantly, the Plaintiff's mortgage was wrongfully dissolved and the Plaintiff was wrongfully deprived of its collateral. (Id. ¶27).

On July 7, 2010, the Debtor filed a chapter 7 bankruptcy case in this court ("the Chapter 7 Case"). The Debtor failed to give notice to the Plaintiff of the Chapter 7 Case and the Plaintiff was unaware of the case. (Id. ¶¶ 32-34).

The Debtor received a chapter 7 discharge on July 23, 2010. The Debtor has stipulated that he is not entitled to a discharge in the present, chapter 13 case. See 11 U.S.C. §1328(f)(1).

The Plaintiff calculates that the Debtor owes the Plaintiff $357,633.19.

### III. LEGAL STANDARD - MOTION TO DISMISS

The purpose of a motion to dismiss a case under Fed. R. Civ. P. 12(b)(6) (incorporated by Fed. R. Bankr. P. 7012) is to test the legal sufficiency of the factual allegations of a complaint, see Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993), and to determine whether a plaintiff is "entitled to offer evidence to support the claims," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 n. 8 (2007) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

In deciding a Rule 12(b)(6) motion, the court is required to accept as true all allegations in

the complaint and all reasonable inferences that can be drawn therefrom, viewing them in the light most favorable to the plaintiff, but is not bound by mere speculation or legal conclusions couched as factual allegations.  The court may consider the allegations in the complaint, exhibits attached to the complaint and matters of public record, undisputedly authentic documents (where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss).  The court must determine whether the alleged facts demonstrate that the plaintiff has a "plausible" claim for relief in which the facts set forth in the complaint allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  In evaluating the facts alleged and the plausibility of the claim for relief, the court accepts only the well-pleaded facts as true and may disregard any legal conclusions.  The court conducts a context-specific evaluation of the complaint, drawing from its judicial experience and common sense.  See, e.g., Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009);[1] In re Universal Marketing, Inc., 460 B.R. 828, 834 (Bankr. E.D. Pa. 2011) (citing authorities); In re Olick, 2011 WL 2565665, at *1-2 (Bankr. E.D. Pa. June 28, 2011).

---

[1] In Fowler, the Court of Appeals articulated a two-part analysis to conduct when evaluating whether allegations in a complaint survive a Rule 12(b)(6) motion.  First, the factual and legal elements of the claim should be separated, such that a court must accept only the well-pleaded facts as true and may disregard any legal conclusions.  578 F.3d at 210-11.  Second, the court must determine whether the alleged facts demonstrate that the plaintiff has a plausible claim for relief.  Id. at 211 (citing Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).

## IV.  DISCUSSION

In the Motion, the Debtor contends that: (1) the court lacks subject matter jurisdiction over this adversary proceeding, see Fed. R. Bankr. P. 12(b)(1); and (2) the Complaint fails to state a claim upon which relief can granted, see Fed. R. Bankr. P. 12(b)(6).

As explained below, I conclude that: (1) the court lacks jurisdiction over the State Law Claims; (2) the court has jurisdiction over the §523(a)(3) claim; and (3) the Complaint states a cause of action under §523(a)(3).

### A.  Subject Matter Jurisdiction

**1.**

In filing a complaint setting forth traditional state law causes of action and a request for a money judgment in a chapter 13 bankruptcy case, the Plaintiff misunderstands the bankruptcy process and the limited jurisdiction of this court.  In a chapter 13 cases, creditors do not file complaints against debtors seeking money judgments based on pre-petition claims; rather, they file "claims" against the bankruptcy estate and those claims, are subject to treatment, in some manner, in the debtor's chapter 13 plan.

> The bankruptcy court is not a court of general jurisdiction in which individual creditors may obtain money judgments against bankruptcy debtors. See generally 28 U.S.C. § 1334(b) (limiting bankruptcy jurisdiction in civil proceedings to those "arising under, arising in or related to" bankruptcy cases). . . .  When the trustee makes a distribution to a creditor, he does so to satisfy the creditor's "claim" against the bankruptcy estate that was "allowed" by the court. . . .  No entry of a traditional "money judgment" is entered against the debtor as part of the claims allowance and claim distribution process.

In re Reinford 2011 WL 139207, at *3 (Bankr. E.D. Pa. Jan. 11, 2011).

In this chapter 13 case, the only proper functions of the bankruptcy court (other than determining dischargeability issues) are to determine whether the Plaintiff's claim against the bankruptcy estate should be allowed [2] and, if allowed, whether the proposed treatment of that claim passes muster under the Code's standards for confirmation of a chapter 13 plan, see 11 U.S.C. §§1322 and 1325.

The State Law Claims are cognizable in this bankruptcy case only insofar as they form the underlying basis for the Plaintiff's proof of claim (and the §523(a)(3) nondischargeability claim to be discussed further below). Standing alone, as legal actions requesting the entry of money judgments on state law claims, the State Law Claims are unrelated to the bankruptcy case and this court lacks authority to consider them.[3] Consequently, they will be dismissed without prejudice.

**2.**

It is not clear exactly why the Debtor contends that this court lacks subject matter jurisdiction over the Fifth Count, the Plaintiff's nondischargeability claim under 11 U.S.C. §523(a)(3). However, it does not matter. It is clear that this court has jurisdiction.

---

[2] The claims register does reflect that the Plaintiff filed a proof of claim on October 15, 2012, asserting a claim of $357,633.19, secured by a "Recorded Mortgage." (Bky. No. 12-12910, Claim No. 5).

[3] One qualification of the statement of the text is in order. Most courts have concluded that, at least in some cases, the determination of the amount of a debt may be sufficiently intertwined with a determination of nondischargeability that the liquidation of the nondischargeable debt is "related to" the bankruptcy case, warranting the entry of a money judgment against the debtor in the bankruptcy court. See generally In re Chan, 2008 WL 5428271, at *22 & n. 58 (Bankr. E.D. Pa. Dec. 31, 2008) (discussing issue and citing cases). However, when this occurs, the entry of the money judgment is connected to the core dischargeability proceeding; it is not an independent product of the underlying state law claim.

A nondischargebility proceeding "arises in" a bankruptcy case and is a core matter. See 11 U.S.C. §1334(b); 28 U.S.C. §157(b)(2)(I); Stoe v. Flaherty, 436 F.3d 209, 218 (3d Cir. 2006). Further, in the present circumstances, the nondischargeability determination sought by the Plaintiff not only is a core aspect of the prior Chapter 7 Case, but, if not a core proceeding in the chapter 13 case,[4] is at least related to the administration of the present chapter case.[5]  Whether the matter is core or merely related, the court has subject matter jurisdiction under 28 U.S.C. §1334(b). See, e.g., Universal Marketing, Inc., 459 B.R. 573, 579 (Bankr. E.D. Pa. 2011) (citing In re Mullarkey, 536 F.3d 215, 221–22 (3d Cir.2008) and In re Seven Fields Dev. Corp., 505 F.3d 237, 257 (3d Cir.2007)).

For these reasons, no serious issue exists regarding this court's subject matter jurisdiction over the Plaintiff's §523(a)(3) claim.

---

[4]  The court is being asked to determine whether a debt was discharged in a prior bankruptcy case, not this bankruptcy case. Nondischargeability determinations, particularly under §523(a) frequently arise after a bankruptcy case in which the discharge was entered has been closed and upon request of a party (usually the debtor) that the court reopen the bankruptcy case.  If the court reopens the case, the resulting adversary proceeding clearly is a core proceeding therein.  The posture of this matter is different.  The prior case, i.e., the Chapter 7 Case, has not been reopened and the adversary proceeding arises in a later bankruptcy case.  So, is the adversary proceeding still a core proceeding? Read literally, 28 U.S.C. §157(b)(2)(I) suggests that it is.

[5]  "Typically, litigation which is related to a bankruptcy case is litigation which will affect in some manner the property to be administered by the bankruptcy trustee or the amount or priority of claims to be repaid." In re Shuman,  I277 B.R. 638, 647 (Bankr. E.D. Pa. 2001); accord Halper v. Halper, 164 F.3d 830, 837 (3d Cir.1999); Pacor v. Higgins, 743 F.2d 984, 994 (3d Cir.1984).  Here, the determination of the dischargeability of the Plaintiff's claim is, at a minimum, related to the present chapter 13 case because its outcome affects the allowability of the Plaintiff's claim against the estate and impacts the requirements the Debtor will have to satisfy to obtain confirmation of his chapter 13 plan.

### B. Failure to State a Claim

The Debtor offers four (4) arguments in support of its Rule 12(b)(6) argument:

- the underlying debt was discharged in the Chapter 7 Case;

- the Complaint fails to allege fraud with specificity;

- the Plaintiff's underlying claim is barred by the statute of limitations; and

- the Plaintiff's underlying claim is barred by the Massachusetts usury statute.

### 1. prior discharge

There is no dispute that the Debtor received a chapter 7 discharge and that the Plaintiff did not seek a determination of nondischargeability in the prior case. With the expiration of the deadline for seeking a nondischargeability determination in the Chapter 7 Case under 11 U.S.C. §523(a)(2), (4) and (6), the Plaintiff cannot resurrect a time-barred nondischargeability claim by asserting the claim in this subsequent bankruptcy case. See Fed. R. Bankr. P. 4007(c). If the Plaintiff's underlying claim was discharged in the Chapter 7 Case, the Debtor might be correct that the Complaint fails to state a claim. See generally In re August, 448 B.R. 331, 346-47 (Bankr. E.D. Pa. 2011) (for a debt to be nondischargeable under 11 U.S.C. §523(a), the plaintiff must establish that the debt itself is valid as well as satisfying all of the requirements of one of the subsections of §523(a)). However, in the Complaint, the Plaintiff addresses the prior discharge issue head-on and has pleaded facts that support a nondischargeability determination under §523(a)(3)(B).

The Plaintiff asserts that the debt was not discharged in the Chapter 7 Case because: (a) it had no notice of the prior case, and (b) its claim is of a kind specified in §523(a)(2), (4) or (6).

These allegations state a claim under §523(a)(3)[6] and claims of nondischargeability under §523(a)(3) are not subject to the time deadlines governing nondischargeability determinations under subsection (a)(2), (a)(4) and (a)(6).  Compare 11 U.S.C. §523(c), with Fed. R. Bankr. P. 4007(c); see Collier on Bankruptcy ¶ 523.09[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. West 2013).

The Debtor contends, nonetheless, that the Complaint fails to state a claim under §523(a)(3) and makes two (2) arguments in support of dismissal based on the prior discharge.

First, the Debtor cites Judd v. Wolfe, 78 F.3d 110 (3d Cir. 1996) for the proposition that a debtor is entitled to receive a full discharge "even when a debt was unlisted." (Debtor's Memorandum at 4) (unpaginated).  The Debtor misreads Judd, which held only that an unlisted debt is discharged, even without the necessity of reopening a bankruptcy case to add the debt to the debtor's schedules, provided that the debt was not of a type referenced in subsections (A) or (B) of §523(a)(3).  Thus, Judd is inapposite.

---

[6]   Section 523(a)(3) provides that a debt is excepted from discharge if it is:

> (3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
>
> > (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
> >
> > (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

Second, the Debtor contends that §523(a)(3) is inapplicable because the Plaintiff, a limited liability company, was "dissolved" before and during the Chapter 7 Case: "Since the plaintiff did not legally exist during the Chapter 7 [C]ase, they [sic] cannot now complain that they did not receive notice of the case." (Debtor's Mem. at 5-6) (unpaginated). As evidentiary support for this argument, the Debtor attached a document to his Memorandum that appears to be a computer printout of a "docket" of the Corporation Division of the Commonwealth of Massachusetts that references a "Dissolution by Court Order or by the SOC" dated April 30, 2009.[7]

---

[7] The submission of this evidence transforms the Motion into one for summary judgment. See Fed. R. Civ. P. 12(f). Ordinarily, this would require that the Plaintiff be provided a further opportunity to develop the record and submit evidence in response. Id. However, the Plaintiff does not dispute the accuracy of the factual representation made by the Debtor regarding dissolution. Therefore, I will consider the Debtor's evidence and, analyze the applicable aspects of the Motion under Fed. R. Civ. P. 56.

Under Rule 56, a moving party is entitled to summary judgment by demonstrating that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see, e.g., Liberty Lincoln-Mercury, Inc. v. Ford Motor Co., 676 F.3d 318, 323 (3d Cir. 2012). "[I]t is inappropriate to grant summary judgment in favor of a moving party who bears the burden of proof at trial unless a reasonable juror would be compelled to find its way on the facts needed to rule in its favor on the law." United States v. Donovan, 661 F.3d 174, 185 (3d Cir. 2011) (quoting El v. Se. Pa. Transp. Auth., 479 F.3d 232, 238 (3d Cir. 2007)). If the moving party meets its initial burden, the responding party may not rest on the pleadings, but must designate specific factual averments through the use of affidavits or other permissible evidentiary material which demonstrate a genuine issue of material fact to be resolved at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-50 (1986).

The court's role is not to weigh the evidence, but to determine whether there is a disputed, material fact for resolution at trial. Anderson, 477 U.S. at 249. A genuine issue of material fact is one in which the evidence is such that a reasonable fact finder could return a verdict for the non-moving party. Id. at 248. The court must view the underlying facts and make all reasonable inferences therefrom in the light most favorable to the party opposing the motion. Wright v. Corning, 679 F.3d 101, 105 (3d Cir. 2012); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). Thus, if it appears that the evidence "is so one-sided that one party must prevail as a matter of law," the court shall enter judgment accordingly in that party's favor. Anderson, 477 U.S. at 252.

This evidence of the Plaintiff's administrative dissolution does not aid the Debtor. The Debtor's premise – that an administratively dissolved LLC is a legal nullity that can be disregarded by persons who had business relationships with the LLC – is incorrect under Massachusetts law. M.G.L.A. c.156C §70(c) states: "A limited liability company administratively dissolved **continues in existence**, but shall not carry on any business except that necessary to wind up and liquidate its affairs." (emphasis added). Based on §70(c), the Plaintiff existed as a legal entity even after the administrative dissolution order, was entitled to protect its interests in the Chapter 7 Case, and should have received notice of the bankruptcy filing.[8]

Therefore, the dissolution does not establish the Debtor's entitlement to judgment in his favor as a matter of law.

### 2. allegations of fraud

Fed. R. Civ. P. 9(b), incorporated by Fed. R. Bankr. P. 7009, requires that '[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud or mistake." The Debtor acknowledges that in Paragraph 21 of the Complaint, the Plaintiff alleges that the Debtor forged a document that resulted in the satisfaction of the Updated Mortgage, but

---

[8] I also note that the same document the Debtor offered to establish the corporate dissolution states that on March 22, 2012, the Plaintiff obtained a "Reinstatement Following Administrative Dissolution." If the Plaintiff were a Massachusetts corporation, the reinstatement may have been retroactive to the date of the administrative dissolution. See M.G.L.A. c.156D § 14.22(c). The limited liability company statute governing reinstatement contains no analogous provision. I offer no opinion whether the Massachusetts courts would read retroactivity into the limited liability company statute.

Notwithstanding, this aspect of the Motion, which is being treated as on for summary judgment, will be denied as a matter of law.

complains that the Complaint falls short of the requirements of Rule 9 because the Complaint includes "no further information" or "supporting facts" to support this allegation. (Debtor's Mem. at 7-8) (unpaginated). In making this argument, the Debtor fails to appreciate the distinction between the pleading and trial stages of the case.

The principles governing the application of the requirement under Rule 9(b) that fraud be pleaded "with particularity" have been summarized by my colleague, Judge Fox, as follows:

- allegations of fraud must give the opposing party reasonable notice of the claim, and contain sufficient information to allow that party to respond;

- the particularity requirement is tempered by the simplicity and flexibility contemplated by the rules, especially if the requisite factual information is peculiarly within the defendant's knowledge or control;

- allegations of "date, place or time" ordinarily suffice under Rule 9(b), but other means may be employed to inject precision and some measure of substantiation into the fraud claim.

E.g., In re Reading Broadcasting, 390 B.R. 532, 549-50 (Bankr. E.D. Pa. 2008) (citing, inter alia, Seville Industrial Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984)); accord In re Jamuna Real Estate, LLC, 2010 WL 2773395, at *4 (Bankr. E.D. Pa. July 13, 2010).

In this adversary proceeding, the allegations of fraud in the Complaint satisfy Rule 9.

This is not a complaint composed of conclusory allegations that the defendant acted fraudulently and that the conduct harmed the plaintiff. The Complaint sets forth, with some precision, the circumstances that the Plaintiff contends constituted fraud. The Complaint describes a scheme in which the Debtor forged a mortgage satisfaction document that falsely represented that his debt to the Plaintiff had been paid and then obtained a new loan from a new

lender by encumbering the Plaintiff's collateral. In short, the Complaint sets out when, where and how the fraud occurred and specifically alleges that the Debtor participated in the scheme. Whether the Plaintiff can prove these allegations remains to be seen, but the Complaint undoubtedly describes the nature of the fraudulent scheme at issue and the role the Debtor played in sufficient detail to warrant imposing upon the Debtor the obligation to respond.

### 3. statute of limitations

Next, the Debtor argues that the Complaint should be dismissed because the statute of limitations has expired.

The statute of limitations is not listed among the defenses that may be raised in a motion to dismiss. Thus, "[t]echnically, the Federal Rules of Civil Procedure require that affirmative defenses be pleaded in the answer." Robinson v. Johnson 313 F.3d 128, 135 (3d Cir. 2002). However, in this Circuit, it is permissible to raise a limitations defense by motion under Rule 12(b)(6), if the limitations bar is apparent on the face of the complaint. Id.; accord Brawner v. Education Management Corp., 2013 WL 518588, at *1 n.1 (3d Cir. Feb. 13, 2013).

In support of the Motion, the Debtor points out that no payments on this debt have been made in over five (5) years and that the alleged fraudulent conduct described in the Complaint occurred more than four (4) years ago. Without further explanation, the Debtor assumes that these facts make out his defense.

For a number of reasons, the Debtor's argument is without merit.

Initially, the Debtor fails to distinguish between two (2) distinct nondischargeability claims that may be at issue in this proceeding. The Plaintiff has a breach of contract claim against the

Debtor based on the Debtor's failure to pay the underlying loan note. The Plaintiff also may have a claim for a tort: a fraud claim arising from the Debtor's alleged conduct (filing a forged mortgage satisfaction) that injured the Plaintiff's property rights, i.e., its mortgage position on the Property. These distinct claims may have different statutes of limitations under applicable nonbankruptcy law.

The Debtor has neither fleshed out his statute of limitations defense nor taken the trouble to cite the limitations statute that he contends warrants dismissal of the Complaint. He seems to believe that the statute of limitations commenced more than four (4) years ago when the alleged fraud occurred or perhaps more than (5) years ago when the payments ceased and the loan went into default.[9] He further assumes, without explanation, that the applicable statute of limitations is four (4) years or less.

Regardless whether the focus is on the limitations period governing the loan note or the Debtor's alleged filing of a forged mortgage release, dismissal of the Complaint is not appropriate.

The statute of limitations for breach of contract under Massachusetts law is either six (6) years or twenty (20) years. See M.G.L.A. c.260 §2 (six (6) year limitations period for breach of contract); M.G.L.A. c.260 §1 (twenty (20) year limitations period for breach of "promissory notes signed in the presence of an attesting witness").[10] Either way, nothing on the face of the

---

[9] The Debtor's assumption regarding the commencement of the statute of limitations in actions based on breach of contract is correct. See, e.g., Flannery v. Flannery, 705 N.E.2d 1140, 1143 (Mass.1999) ("[t]he general rule in breach of contract cases is that a cause of action accrues when the contract is breached").

[10] The note attached to the Complaint indicates on its face that it was signed in the presence of a notary. See Roberts v. Roberts, 646 N.E.2d 1061, 1065 (Mass. 1995) (referring to a document as
(continued...)

-14-

Complaint suggests that the underlying debt is unenforceable under applicable nonbankruptcy law.

As for the Plaintiff's fraud claim and the more than four (4) year period since the alleged fraud occurred,[11] its claim against the Debtor is subject to the "discovery rule." The discovery rule provides that a cause of action does not accrue for purposes of the statute of limitations until the plaintiff learns, or reasonably should have learned, that he or she has been harmed by the defendant's conduct. See, e.g., McCarthy v. Slade Associates, Inc., 972 N.E.2d 1037, 1042 n.8 (Mass. 2012). It applies in actions for fraud. See, e.g., Friedman v. Jablonski, 358 N.E.2d 994 (Mass. 1976) (involving alleged fraud in sale of real estate); Benotti v. Gill, 1996 WL 1186956 (Mass. Super. Ct. November 18, 1996) (claim that deed was procured by fraud and undue influence held subject to Massachusetts discovery rule); see also In re Mi-Lor Corp., 233 B.R. 608, 613 (Bankr. D. Mass.1999) (commencement of limitations period for conversion subject to discovery rule).

Given the applicability of the discovery rule, it is not possible to determine from the face of the Complaint that the Plaintiff's fraud claim expired before the commencement of this bankruptcy case. Consequently, if the Debtor wishes to pursue this defense, it must be raised in his Answer to the Complaint.

---

[10](...continued)
having been notarized "and thus [having] had an attesting witness").

[11]    It appears that the applicable limitations period for fraud is three (3) years. See M.G.L.A. c.260 §2A.

### 4. usury defense

Finally, the Debtor contends that the Complaint should be dismissed because the underlying transaction was usurious and unenforceable.  The Debtor cites the Massachusetts criminal usury statute, M.G.L. c.271 §49, which provides, in pertinent part:

> (a) Whoever in exchange for either a loan of money or other property knowingly contracts for, charges, takes or receives, directly or indirectly, interest and expenses the aggregate of which exceeds **an amount greater than twenty per centum per annum** upon the sum loaned or the equivalent rate for a longer or shorter period, shall be guilty of criminal usury . . . .
>
> \* \* \*
>
> (c) **Any loan at a rate of interest proscribed under the provisions of paragraph (a) may be declared void** by the supreme judicial or superior court in equity upon petition by the person to whom the loan was made.
>
> (d) The provisions of paragraph (a) to (c), inclusive, shall not apply to any person who notifies the attorney general of his intent to engage in a transaction or transactions which, but for the provisions of this paragraph, would be proscribed under the provisions of paragraph (a) providing any such person maintains records of any such transaction. Such notification shall be valid for a two year period and shall contain the person's name and accurate address. . . .

(emphasis added).

In making this argument, the Debtor again supplements the Complaint by attaching various documents to the Motion.  The documents are intended to demonstrate that before making the loan to the Debtor with an interest rate in excess of twenty percent (20%) on July 26, 2005, the Plaintiff failed to invoke the "safe harbor" provision in §49(d).  Therefore, according to the Debtor, the loan is "voidable."

A loan that runs afoul of M.G.L. c.271 §49 is not void <u>ab initio</u>.  Potentially, it is voidable,

but it also may be subject to nothing more than reformation by a court of competent jurisdiction. See Balerna v. Gilberti, 281 F.R.D. 63, 70 n.8 (D. Mass. 2012); LBM Financial, LLC v. Edgewater Investment Limited Partnership, 2004 WL 2075565, at *4 (Mass. Super. Ct. Aug. 5, 2004); Burnside Holdings, Inc. v. Keystone Associates L.P., 2000 WL 33943426, at *7 (Mass. Super. Ct. Dec. 13, 2000); see also Begelfer v. Najarian, 409 N.E.2d 167, 174-75 (Mass. 1980) ("there is no apparent legislative intent that a loan in violation of s 49(a) must be declared void in the absence of circumstances and conditions which would cause the integrity of the loan itself to be questionable") (internal quotations and citation omitted).

Based on Massachusetts law, it is not possible to conclude as matter of law, based merely on the potential applicability of M.G.L. c.271 §49, that no debt exists, making it unnecessary presently to consider the Plaintiff's claims for nondischargeability. At a minimum, if §49(c) should be applied in this case to void the underlying loan entirely (and assuming the bankruptcy court is the proper court to take that action), that judicial action requires a full record and cannot occur at the pleading stage. As the Massachusetts Supreme Judicial Court has directed,

> The appropriate remedy in any particular case [under M.G.L. c.271 §49] is arrived at by balancing a number of factors including the importance of the public policy against usury, whether a refusal to enforce the term will further that policy, the gravity of the misconduct involved, the materiality of the provision to the rest of the contract, and the impact of the remedy on the parties' rights and duties.

Begelfer, 409 N.E.2d at 189.

In short, whatever the precise impact, if any, that M.G.L. 271 §49 may have on the Plaintiff's right to enforce its loan note, it does not provide a basis for dismissal of the Complaint. At this stage of the proceeding, there is, at a minimum a genuine issue of material fact regarding the Debtor's entitlement to relief (i.e., his entitlement to a judicial voiding of the loan). Pursuant

to Fed. R. Civ. P. 56, the dispute is sufficient to require denial of the Motion. See n.3, supra.

## V. CONCLUSION

For the reasons set forth above, the Motion will be denied and the Debtor directed to file an Answer to the Complaint.

**Date: April 10, 2013**

**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**